UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2021-CV-20025

JEISON PUENTE,

    Plaintiff,
vs.

BLANCO FLOORING, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JEISON PUENTE, brings this action against Defendant, BLANCO FLOORING, INC. and alleges as follows:

1. This is an action for damages brought by Plaintiff, JEISON PUENTE, against Defendant, under, *inter alia*, the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is proper and is conferred on this Court by, *inter alia*, 28 U.S.C. §1331. Venue is proper because the events giving rise to this claim arose in this Judicial District.

2. Defendant operated the flooring company Blanco Flooring, Inc. located at or around 7801 NW 32nd Street, Doral, Florida 33122.

3. At all times material hereto, Plaintiff was a Florida resident and resident of this Judicial District and an "employee" of Defendant as defined by the applicable law referenced herein.

4. At all times material hereto, Defendant, BLANCO FLOORING, INC. ("BLANCO"), was a Florida profit corporation with its principal place of business in South Florida in this Judicial District at or about 7801 NW 32nd Street, Doral, Florida 33122, engaged in commerce in the field of flooring, at all times material hereto was the "employer" of Plaintiff as that term is defined under the applicable law referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of Five Hundred

Thousand ($500,000.00) Dollars or more.

5. At all times material hereto, Plaintiff was an employee of Defendant protected by the FLSA, 29 U.S.C. §§ 201-219, and Defendant was an employer of Plaintiff subject to the FLSA, as each are defined under the FLSA.

6. BLANCO is covered by the FLSA's Enterprise Coverage.

7. In justifiable reliance upon Defendant' representations and promises, Plaintiff accepted employment and began working for Defendant providing driving and/or flooring services. The work performed by the Plaintiff was directly essential to the business performed by Defendant.

8. Defendant knowingly, willfully, and improperly refused to pay Plaintiff his/her legally entitled wages.  Plaintiff was not paid at all for a significant amount of time worked despite having full knowledge of and being notified of same by Plaintiff.  Defendant were fully aware that they were not properly paying Plaintiff.  The Defendant intentionally and willfully hid this fact and did not pay Plaintiff the full and proper wages throughout Plaintiff's employment.

9. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

10. Plaintiff has retained the services of the undersigned to represent him/her in this action and is obliged to pay for the legal services provided.

11. Plaintiff's full employment records are in Defendant' possession and examination of the earnings statements; paystubs; and other documents, together with discovery of amounts concealed, if any, is necessary in order to calculate full and precise damages.

## COUNT I: FLSA VIOLATION

(v. BLANCO)

12. Plaintiff re-alleges Paragraphs 1 through 11 as if fully set forth herein.

13. Defendant failed to pay Plaintiff overtime due pursuant to the FLSA as described in Section 207(a)(1) of the FLSA.

14. Section 7 of the FLSA provides in pertinent part that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

15. Defendant failed to pay Plaintiff at least 1.5 x Plaintiff's 'Regular Rate' of pay for all hours worked in excess of forty hours per week. Between the date of approximately August 3, 2020 through approximately October 23, 2020, Plaintiff worked approximately 40.1 to 50+ hours a week but was not paid full overtime for the hours worked in excess of 40 hours each week.

16. Plaintiff's regular rate of pay was approximately $16.25, therefore, his overtime rate of pay should be no less than $24.38 per hour. Plaintiff is owed overtime for no less than 50 hours between August 3, 2020 and October 23, 2020 at no less than $8.13 (the difference between his regular rate of approx. $16.25 and overtime rate of approx. $24.38)—exact dates, hours, rates, damages, and other details to be calculated in the course of discovery which control over the estimates herein.

17. Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the FLSA, as Defendant knew of the overtime requirement of the FLSA and intentionally and recklessly failed to comply with same.

18. The willfulness and lack of good faith is further evidenced by Defendant's splitting of Plaintiff's paychecks and hours worked into two parts, half paid as an employee and half improperly paid as an independent contractor.

19. Defendant' actions constitute a willful violation of the FLSA. This also includes, *but is not limited to,* all dates of work for which the last element of the FLSA violation occurred on or after Plaintiff's first day of work.

20. The method of calculating 'Regular Rate' and 'Overtime Rate' is set forth in the

FLSA; the Overtime Rate is 1.5 x the 'Regular Rate'. Between approximately August 3, 2020 through approximately October 23, 2020, Plaintiff was never paid overtime hours at an FLSA 'Overtime Rate' at all. Plaintiff is owed the difference between the amount *he was actually paid* and the amount that *he should have been paid* if he had been paid overtime at the correct overtime rate for all overtime hours worked.

21. No overtime exemption was available nor was any overtime exemption used; Plaintiff was never notified of any overtime exemption and the procedures and requirements of using an overtime exemption were never implemented.

22. Defendant did not pay Plaintiff any overtime whatsoever, despite that he worked over forty hours per week during many, if not all, of these weeks.

23. The FLSA provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages plus an additional equal amount in liquidated damages (doubling), plus costs, interest and reasonable attorneys' fees. As a result of the Defendant' violations, Plaintiff is entitled to unpaid wages plus an additional equal amount in liquidated damages along with costs, interest and reasonable attorneys' fees. Plaintiff seeks reasonable attorneys' fees and costs under the FLSA and to the fullest extent permissible under all applicable law, including under 29 U.S.C. § 216(b) and all other applicable law. Plaintiff claims the highest amount owed under this cause of action. Where Plaintiff is owed 1.5 x 'Regular Rate' or FLSA Minimum Wage, Plaintiff seeks the highest amount as allowed by law; for weeks in which Plaintiff was not paid FLSA minimum wages, if any, Plaintiff seeks full FLSA minimum wage.

24. Plaintiff's burden to prove particular aspects of his claim is reduced—*as provided by applicable law*—by Defendant' failure to keep proper records and failure to comply with FLSA recordkeeping requirements; upon information and belief, the Defendant had time clock and/or time recordation errors; failed to keep proper FLSA records; lost and/or destroyed records; failed to keep records as to 'representative periods, if applicable; failed to record all days and hours worked; and/or otherwise failed to keep proper records, as evidenced by, *inter alia*, improperly

4

splitting up hours and paychecks in order to mask the number of hours worked as an employee.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages suffered as a result of the alleged lost earnings; liquidated damages if applicable; other damages together with all taxable court costs, attorneys' fees; prejudgment interest if applicable; Trial by Jury; and such other relief as the Court may deem just and proper.

Respectfully submitted,

**LAW OFFICES OF PAUL A. SACK, P.A.**
1210 Washington Avenue, Suite 245
Miami Beach, Florida 33139
Telephone: 305-397-8077
Facsimile: 305-763-8057

By:   /s/ PAUL A. SACK, ESQ.
FBN: 363103
Primary: paul@paulsacklaw.com
ps1619@bellsouth.net
R. BRANDON DEEGAN, ESQ.
FBN: 117368
Primary: deegan@paulsacklaw.com