UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20025-CV-GRAHAM/MCALILEY

JEISON PUENTE,

    Plaintiff,

vs.

BLANCO FLOORING, INC.,

    Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE MOTION TO REOPEN CASE AND SET ASIDE DISMISSAL AND FOR SANCTIONS**

Plaintiff Jeison Puente brought this action against Defendant Blanco Flooring, Inc. under the Fair Labor Standards Act ("FLSA") to recover alleged unpaid overtime wages. (ECF No. 1). Before Defendant responded to the Complaint, Plaintiff filed a Notice of Settlement and, shortly thereafter, the parties filed a Joint Motion for Judicial Approval of Settlement and for Dismissal with Prejudice. (ECF Nos. 8, 10). On February 24, 2021, the Court entered an Order granting the Joint Motion, approving the parties' Settlement Agreement and dismissing the action with prejudice. (ECF No. 11). The Court did not retain jurisdiction to enforce the Settlement Agreement, or for any other purpose. (*Id.*).

On June 14, 2021, Plaintiff filed a Motion to Reopen Case and Set Aside Dismissal and for Sanctions, which the Honorable Donald L. Graham referred to me for resolution. (ECF Nos. 12, 14). Defendant did not file a response, although it is unclear whether

1

Defendant received notice of the Motion or Judge Graham's subsequent order that set a response deadline of August 27, 2021.[1] (ECF No. 12 at 5; ECF No. 13).

Plaintiff contends that Defendant made only one of six required installment payments, despite demand, and that it therefore defaulted under the Settlement Agreement. (ECF No. 12 at ¶¶ 6, 7). Plaintiff asks the Court to "set aside the dismissal obtained by Defendant's misrepresentations and re-open this case so that Plaintiff may continue in its litigation and in enforcing the Settlement Agreement." (ECF No. 12 at 4). Plaintiff relies upon the default provision of the Settlement Agreement, which provides that "[i]n the event of [Defendant's] default, Plaintiff shall be permitted to pursue any and all causes of actions he may have against any and all liable parties; he shall not be considered to have released any claims…." (ECF No. 12-3 at ¶ 6).

In other words, Plaintiff wants the Court to set aside its dismissal Order based upon Defendant's alleged breach of the Settlement Agreement, and to then enforce the default provision in that agreement that allows Plaintiff to pursue his original causes of action against Defendant.

The Court does not have jurisdiction to enforce the settlement agreement. For the Court to have that jurisdiction, it would have had to either issue an

---

[1] In February, Nelson Carmenates, Esq. prepared a Notice of Limited Appearance as counsel for Defendant, "for the purpose of settlement approval" which, strangely, Plaintiff filed with the Court. (ECF No. 7). As a result, the Clerk never entered Mr. Carmenates, and his contact information, on the docket as counsel for Defendant, and therefore motions and orders filed in this action are not automatically sent to Mr. Carmenates. From the docket we can see that Mr. Carmenates was not copied on the Motion or Judge Graham's Order. (ECF No. 13). In his Motion, Plaintiff states that he "forwarded directly" a copy of his Motion to Mr. Carmenates. (ECF No. 12 at 5). There is no proof that Mr. Carmenates received the Motion, or that he sent a copy to Defendant.

order retaining jurisdiction prior to dismissing the case, or the parties must have conditioned dismissal on the entry of an order retaining jurisdiction and the Court must have then incorporated the terms of that agreement into its order dismissing the case. *See e.g., Nunez v. Florida Finish Professional Services, LLC*, No. 15-22976-Civ, 2015 WL 10911511, at *1 (S.D. Fla. Nov. 12, 2015) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994). Neither occurred here. The Court approved the parties' Settlement Agreement, but it did not expressly retain jurisdiction to enforce it and it did not incorporate by reference or adopt, in its Order, the terms of the Settlement Agreement. (ECF No. 11 at 2). Moreover, the parties did not condition dismissal on the Court's retention of jurisdiction. Rather, they agreed that "the Court in which the Action was filed shall retain jurisdiction to enforce the terms of the agreement *if permitted by the Court* in which the Action was filed." (ECF No. 12-3 at ¶ 6) (emphasis added).[2] Given that the Court did not retain jurisdiction in its Order of dismissal, it plainly is without jurisdiction to enforce any terms of the Settlement Agreement.[3]

Plaintiff has not offered any other legal basis to support the relief requested and, therefore, the Court declines to set aside the dismissal Order and re-open this action.

---

[2] To be clear, the parties' consent to jurisdiction cannot, without more, confer subject matter jurisdiction upon the court. The court itself must retain jurisdiction. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012) (recognizing "the well-established proposition that jurisdiction cannot exist by mere consent of the parties. To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough.") (citations omitted).

[3] Plaintiff's vague reference to "Defendant's misrepresentations" is likewise an insufficient basis to set aside the dismissal Order. Plaintiff offers no details whatsoever of Defendant's alleged misrepresentations, much less legal authority to support his request.

The Court also declines to issue an Order to Show Cause why sanctions should not be imposed on Defendant. Plaintiff asserts, in wholly conclusory fashion, that sanctions are warranted under Rule 11(b)(1) of the Federal Rules of Civil Procedure because "Defendant caused unnecessary delay in this action through its actions…" (ECF No. 12 at 2). Not only does Plaintiff fail to offer any factual support for his assertions, he also has not complied with the Rule's 21-day safe harbor provision, and thus the Court cannot address the motion. *See Meunier Carlin & Curfman, LLC v. Scidera, Inc.*, 813 Fed. App'x 368, 375 (11th Cir. 2020) ("A party seeking sanctions must first serve its Rule 11 motion on the opposing party – and allow 21 days for offending party to cure the potential problem by withdrawing the offending paper, claim or contention. Only if the problem remains uncorrected can a party then file its Rule 11 motion in court.").

Next, Plaintiff's passing reference to the Court's "inherent authority to sanction" does not support any action by this Court. (ECF No. 12 at 2). To unlock the Court's inherent authority, the party seeking sanctions must establish by clear and convincing evidence that the opposing party acted with subjective bad faith. *See Tarasewicz v. Royal Caribbean Cruises, Ltd.*, No. 14-CIV-60885, 2016 WL 3944178, at *2 (S.D. Fla. March 17, 2016); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1224 (11th Cir. 2017). The Eleventh Circuit has made clear that "[a] party's false statements alone do not indicate bad faith[,] [n]or do merely reckless misstatements, standing alone…." *Meunier Carlin & Curfman, LLC*, 813 Fed. App'x at 375 (quotation marks and citations omitted). Plaintiff makes no attempt to demonstrate that Defendant acted with subjective bad faith, and thus fails to meet his burden.

For the foregoing reasons, the Court hereby **ORDERS** that Plaintiff's Motion to Reopen Case and Set Aside Dismissal and for Sanctions, (ECF No. 12), is **DENIED WITHOUT PREJUDICE**. If Plaintiff chooses to file a renewed motion, he must set forth the full legal and factual basis for all relief requested.

DONE and ORDERED in chambers at Miami, Florida this 7th day of September 2021.

                                                  CHRIS McALILEY
                                                  UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Donald L. Graham
     Counsel of record